UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IBEW HEALTH & WELFARE TRUST FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALLSTATE ELECTRIC, INC., a Washington Corporation, <br><br> Defendant. | CASE NO. C04-0953-MAT <br><br> ORDER SETTING AMOUNT OF DAMAGES DUE PLAINTIFFS |

The Court previously granted the motion for summary judgment plaintiffs Local 191 I.B.E.W. Health & Welfare Trust Fund, Local 191 Money Purchase Plan, National Electric Benefit Fund, Labor Management Cooperation Committee Fund, and District 9 Pension Plan ("the Trusts" or plaintiffs) filed seeking delinquent trust contributions, liquidated damages, interest, costs, and attorney's fees due by defendant Allstate Electric, Inc. under a collective bargaining agreement. (Dkt. 40.) In so doing, the Court found the Trusts entitled to contributions and any associated damages sought for the time period through August 31, 2003 pursuant to the Employee Retirement Income Security Act ("ERISA") of 1974. *See* 29 U.S.C. § 1132(g)(2) (providing specific mandatory remedies for delinquent contributions, including, in addition to the unpaid contributions, liquidated damages, interest, attorney's fees, and costs). However, because the audit information provided by plaintiffs exceeded the time period found applicable by the Court

ORDER SETTING AMOUNT OF
DAMAGES DUE PLAINTIFFS
PAGE -1

in its order granting summary judgment, the Court required a revised audit and declaration of amounts due the Trusts.

The Trusts complied with the Court's order through the submission of declarations and exhibits attached to its pending motion for an order setting an amount of damages and an award of attorney's fees and costs. (Dkt. 41.) A declaration and auditor's report concludes that defendant owes $14,420.72 in contributions, $1156.79 in liquidated damages, $3054.28 in interest, and $3020.79 in accounting/auditing fees. (*Id.*) A declaration from Mark E. Smith asserts reasonable attorney's fees in the amounts of $7025.50, a $150.00 filing fee, and $52.00 in service fees. (*Id.*) The total sought by plaintiffs amounts to $28,880.08.

Defendant submitted a responsive declaration arguing that, because the Court awarded only a portion of the damages sought by plaintiffs, plaintiffs could not be deemed the prevailing party for the purposes of an award of attorney's fees, and were similarly not entitled to an award of liquidated damages and accounting fees associated with that disputed amount of damages. (Dkt. 42.) Defendant further argues that its successful defense against the total amount of damages sought entitles it to an award of attorney's fees. (*Id.*)

However, ERISA provides specific *mandatory* remedies for delinquent contributions, including, in addition to the unpaid contributions, liquidated damages, interest, attorney's fees, and costs. *See* 29 U.S.C. § 1132(g)(2). Defendant fails to demonstrate that the amount of attorney's fees, liquidated damages, or accounting fees sought are inappropriate in light of the time period for which the Court found defendant responsible for unpaid contributions. The Court also notes that, while plaintiffs did seek a greater amount of damages than that ultimately awarded, they presented two separate arguments, one of which corresponded with the Court's ultimate conclusion. (*See* Dkts. 26 and 40.) Moreover, defendant fails to provide any support for its contention that, as an employer found delinquent in making contributions to an ERISA trust fund, it is entitled to an award of attorney's fees.

Having reviewed all documents submitted in support and in opposition to plaintiffs' motion

ORDER SETTING AMOUNT OF
DAMAGES DUE PLAINTIFFS
PAGE -2

01 for an order setting the amount of damages and an award of attorney's fees and costs, the Court

02 finds the amounts sought reasonable under the circumstances. As such, plaintiff's motion (Dkt.

03 41) is hereby GRANTED and plaintiffs are awarded damages in the amount of $28,880.08.

04     DATED this  23rd  day of August, 2005.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge